AO 91 (Rev.11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.   6:16-mj- *1198* |
| JONATHAN MOYER ) | |
| _____ ) | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of April 11-14, 2016, in the counties of Seminole and Orange, in the Middle District of Florida, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Knowingly persuading, inducing, enticing, or coercing a minor to engage in illicit sexual contact. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Rod Hyre, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   4/15/16

City and state:         Orlando, Florida

_____
*Judge's signature*

GREGORY J. KELLY, U.S. Magistrate Judge

**STATE OF FLORIDA**                                      **CASE NO. 6:16-mj-** *1198*

**COUNTY OF ORANGE**

### AFFIDAVIT

I, Rod Hyre, after being duly sworn, depose and state:

1.      For the past fourteen years, I have been employed as a Special Agent with the Federal Bureau of Investigation (FBI).  I currently serve as the coordinator for the FBI Crimes Against Children/Innocent Images Unit in Orlando.

2.      As the coordinator for the FBI Innocent Images Task Force, my responsibilities include investigating possible criminal violations of the United Sates Code.  I have received specialized training in the investigations of sex crimes, child exploitation, child pornography, and computer crimes.  I have been involved in investigations involving child pornography and online solicitation/enticement of a minor.  I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2252 and 2252A.  I have also participated in investigations of persons suspected of violating federal laws pertaining to the enticement of minors under Title 18, United States Code, Section 2422(b).  I have participated in various training courses for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography.  Additionally, I have been involved in authoring and have participated in the

execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information.

3.      This affidavit is submitted in support of a criminal complaint against JONATHAN MOYER for a violation of Title 18, United States Code, Section 2422(b).  As set forth in more detail below, I submit that there is probable cause to believe that MOYER, using a facility and means of interstate commerce, that is, the Internet and a cellular telephone, did knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years, through an adult intermediary, to engage in sexual activity for which any person could be charged with a criminal offense under Florida law, that is, Sexual Battery, a violation of Florida Statute Section 794.011(2)(a); all in violation of Title 18, United States Code, Section 2422(b).

4.      I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from law enforcement officers, information from agency reports, and review of documents provided to me by these witnesses and enforcement officers.  Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

5.      Title 18, United States Code, Section 2422(b) prohibits a person from using a means and facility of interstate commerce to knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18

2

years, including through an adult intermediary, to engage in sexual activity for which any person could be charged with a criminal offense.

## INVESTIGATION

6.      On April 11, 2016, while working in an undercover capacity, I (hereinafter referred to as the "UC") responded to a posted advertisement on the Internet which stated, "Looking for taboo kink – m4m (Orlando)." The body of the advertisement stated, "Looking for other men into my taboo kinks. Would like to find a man who would provide me their wifes or daughters dirty used panties. Im. Into other taboo kinks. Like getting sucked by older. Into mens wifes. Into taboo subjects… kik." The UC responded, "Dad with daughter 9yo. We r taboo." One minute later MOYER responded, "what you mean by we are taboo. Any pix?" MOYER then sent a second email stating, "hello? Im interested." On April 12, 2016, the UC responded, "If you aren't clear on what I mean u likely aren't down with our lifestyle." MOYER immediately replied, "im down. Id like to chat more…" As the conversation continued MOYER said, "ive never had an opportunity like this. I would like some experience." MOYER was told that the UC was not into men and MOYER responded that he had no intentions with the UC. MOYER was told for a second time that the UC's daughter was nine years old and MOYER asked for a picture of the child.

7.      MOYER was told for a third time that the UC's daughter was nine years old and was asked, "is that too young for u?" Five minutes later, MOYER replied, "I am only interested in your daughter . you have a pic of her? What can I

3

do. Will it be at your house?" MOYER was told that the UC would want to watch MOYER'S interaction with the nine-year-old and replied, "very cool with you watching." MOYER was asked by the UC, "What am I going to get to see you do." MOYER replied, "id like for her to be naked. Let me touch and explore. See if she can suck. Then see if I can fit..." MOYER then provided that his penis was "7.5 inch." MOYER amplified that he was hoping to both receive and perform oral sex on the UC's child stating, "both ways for sure. Not letting a opportunity to have my mouth on a pussy like that. Dam I want to see what she looks like...you up to meet today at lunch? We can do a meet and play another day..."

8.      MOYER told the UC, "not a lot of men offering their daughter . that's why I hope its not to good to be true." Over the rest of the conversation MOYER pointed out on multiple occasions that he really wanted to do this. MOYER asked the UC where he would be allowed to ejaculate on the child and then expressed his desire to "cum inside" the nine year old. MOYER then inquired, "she do anal?" MOYER and the UC then discussed a time and date to meet. MOYER told the UC, "it wont take long to cum...lol im sure ill be throbbing for her."

9.      MOYER reinitiated contact with the UC on April 13, 2016, stating, "hi good morning. So Thursday at 330?" MOYER was asked by the UC to confirm that he really wanted to do this and that he was not going to back out. MOYER responded, "I wont back out if its real and not a set up." MOYER went on to say, "I hope your real. I really wqnt (sic) to do this. Never had an actual

opportunity to." As plans were made to meet, MOYER requested the UC's daughter be dressed to "make her look slutty lol." MOYER asked the UC what the nine year old liked sexually.

10.    On April 14, 2016, MOYER again reinitiated contact with the UC asking, "hey. So we set for today? Did you tell her?." MOYER responded to the UC asking if he still wanted to do this by saying, "yes we are doing this for sure. Just want it to be real and worried that's all. going to cum real good tho. Where would you want to see me cum?" MOYER later amplified, I always wanted to cum in a girl like that and watch it pour out after im done." MOYER was asked how long he planned on staying with the UC's daughter and responded, "just long enough to enjoy. maybe cum twice lol." Final plans were made to meet at a fast food restaurant in Seminole County, Florida, and then proceed to the UC's home.    Names and descriptions of clothing were provided to facilitate the meeting.

11.    On April 14, 2016, at approximately 3:30 p.m., MOYER arrived at the designated meeting point, exited his car and approached an FBI undercover agent who was acting as the nine-year-old girl's father.    Greetings were exchanged and MOYER requested to take a look at the child inside the UC's car before going to the UC's home. At this point, MOYER was informed that he was talking to the FBI and that he was under arrest.

12.    In his custodial post-*Miranda* interview, MOYER admitted to using his Samsung cellphone, which was in his front pocket, to communicate via the

Internet using his Yahoo email address, and that he communicated with the UC through Craigslist. MOYER stated he had posted an advertisement on Craigslist several days ago about taboo and mothers' and daughters' dirty panties, and that for the past few days he had been talking to a man about having sex with the man's nine-year-old daughter. MOYER said that he had arrived at the meeting point with the intention of having sex with the nine-year-old. MOYER said he did this because it was "taboo, wrong, something exciting." MOYER said that over a span of many years he had "hooked up" with hundreds of men, women, and transsexuals whom he had met on Craigslist. MOYER acknowledged recognizing his emails asking if he could have oral anal and vaginal sex with the nine-year-old and talking about not letting the opportunity to perform oral sex on a nine-year-old pass by.

13. MOYER said he was attracted to the idea of having sex with the nine-year-old, because of the "excitement and the thrill of it." MOYER said that this would obviously hurt a child and that he knew it was illegal and immoral, but the thrill of it overcame his judgment. MOYER said, "I made a mistake."

## CONCLUSION

14. I submit that there is probable cause to believe that JONATHAN MOYER, using a facility and means of interstate commerce, that is, the Internet and a cellular telephone, did knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years, through an adult intermediary, to engage in sexual activity for which any person could be charged

6

with a criminal offense under Florida law, that is, Sexual Battery, a violation of

Florida Statute Section 794.011(2)(a); all in violation of Title 18, United States

Code, Section 2422(b).

Rod Hyre, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this 15th day of April, 2016.

THE HONORABLE GREGORY J. KELLY
United States Magistrate Judge

7